IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN GRAVLEY, JR.,            ) | |
|                                 ) | |
|     Plaintiffs,                 ) | Civil Action No. 09-1326 |
|                                 ) | |
|     v.                          ) | Judge Lancaster |
|                                 ) | Magistrate Judge Bissoon |
| JEFFREY BEARD, *et al.,*        ) | |
|                                 ) | |
|     Defendants.                 ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that Plaintiff's Motion for Preliminary Injunction (Doc. 11) be denied.

### II. REPORT

Plaintiff, Steven Gravley, Jr., is a state prisoner who alleges that his constitutional rights were violated when he was placed in "waist restraints" on November 6, 2008, after a suicide attempt, and that he was denied bedding and other necessities for 14 days (Doc. 1, pp. 2-3). He also asserts that his personal property was taken and destroyed during this time, and that this was done in retaliation for a prior lawsuit he filed (Id., pp. 6-7).

Plaintiff has filed a Motion for Preliminary Injunction (Doc. 11) asserting that he was assaulted by corrections officers on January 13, 2010, in retaliation for his pursuit of this lawsuit. Defendants responded on January 28, 2010, and have presented two "Employee Report of Incident" documents dated January 13, 2010, in which staff reported that Plaintiff refused to surrender his lunch tray, and that he has two homemade weapons and was threatening staff (Doc. 14-1). Plaintiff was subjected to a use of force for the purpose of disarming him and searching his cell (Id.).

In determining whether preliminary injunctive relief is warranted, a court must consider: (1) whether movant has shown a reasonable probability of success on the merits; (2) whether movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Bieros v. Nicola, 857 F.Supp. 445 (E.D.Pa. 1994). It "frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis deleted). With respect to the "irreparable harm" prong, the Court of Appeals for the Third Circuit has emphasized that the "key aspect of this prerequisite is proof that the feared injury is irreparable; mere injury, even if serious or substantial, is not sufficient." United States v. Commonwealth of Pennsylvania, 533 F.2d 107, 110 (3d Cir. 1976). Additionally, "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of *immediate* irreparable harm." Campbell Soup Co. v. Conagra, 977 F.2d 86, 91 (3d Cir. 1992) (internal quotations omitted, emphasis added); Adams v. Freedom Forge Corp., 204 F.3d 475, 488 (3d Cir. 2000) (harm may not be speculative).

In this case, Plaintiff asserts that he was subjected to an unwarranted use of force on one occasion. Even if he is correct that the use of force was unwarranted, he has not shown that he is subject to immediate, irreparable harm as is necessary to warrant preliminary injunctive relief. And, in any event, Plaintiff is not likely to succeed on the merits in light of the evidence presented by Defendants that Plaintiff instigated the confrontation, and that the force used was necessary to disarm him.

### III.     CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that Plaintiff's Motion for Preliminary Injunction (Doc. 11) be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by February 16, 2010.


February 2, 2010                                                s/Cathy Bissoon
                                                                Cathy Bissoon
                                                                United States Magistrate Judge


cc:
STEVEN GRAVLEY, JR.
GH7466
S.C.I. at Fayette
50 Overlook Drive
Labelle, PA 15450