IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN GRAVLEY, JR., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JEFFREY BEARD, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 09-1326<br><br>Judge Lancaster<br>Magistrate Judge Bissoon |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that Plaintiff's Motion to File Supplemental Complaint (Doc. 12) be denied without prejudice to his right to raise his claims in a new action.

### II. REPORT

Plaintiff, Steven Gravley, Jr., is a state prisoner who alleges that his constitutional rights were violated when he was placed in "waist restraints" on November 6, 2008, after a suicide attempt, and that he was denied bedding and other necessities for 14 days (Doc. 1, pp. 2-3). He also asserts that his personal property was taken and destroyed during this time, and that this was done in retaliation for a prior lawsuit he filed (Id., pp. 6-7).

Plaintiff's Complaint was filed on September 30, 2009. On January 27, 2010, Plaintiff filed a Motion to File Supplemental Complaint (Doc. 12) seeking to add several claims, and several additional named Defendants. Plaintiff's new allegations are: (1) he was denied the right to practice his religion in August and September, 2009, when prison officials failed to provide him with sufficient food during Ramadan; (2) Corrections Officer Eicher slammed Plaintiff's

hand in the food slot on his cell door on August 22, 2009 when Plaintiff complained about the adequacy of the meal; and (3) Plaintiff was denied immediate medical treatment and issued false misconducts following the August 22, 2009, incident.  Plaintiff seeks to assert claims against new Defendants Nickelson, Hawkingberry, Lewis, Berthlotte, Tucks, Rymarowicz, Knizner, Eicher, Digiacomo and Barkely (Doc. 12, p. 1).  Plaintiff also seeks to assert new claims against two Defendants already named in the Complaint, Defendants Beard and Coleman.

Rule 18(a) of the Federal Rules of Civil Procedure controls the joinder of claims.  In general, "[a] party asserting a claim ... may join as independent or alternative claims, as many claims as it has against an opposing party."  However, Rule 20(a)(2) controls the permissive joinder of defendants in all civil actions, including those filed by prisoners:

> Persons ... may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and*
>
> (B) any question of law or fact common to all defendants will arise in the action.

(emphasis added).  Where an action involves multiple claims and multiple defendants, Rule 20 operates independently of Rule 18.

> Despite the broad language of rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.  If the requirements for joinder of parties have been satisfied, however, Rule 18 may be invoked independently to permit plaintiff to join as many other claims as plaintiff has against the multiple defendants or any combination of them, even though the additional claims do not involve common questions of law or fact and arise from unrelated transactions.

7 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure*, § 1655 (3d ed. 2009).

Here, while Rule 18 would ordinarily permit Plaintiff to add even unrelated claims against an existing Defendant, Rule 20 does not allow him to amend his Complaint to include new, unrelated claims against new Defendants. Plaintiff's new claims do not arise out of the same "transaction, occurrence, or series of transactions or occurrences" as the claims asserted in the Complaint, nor is there a question of law or fact common to **all** of the Defendants (those already in this case and those Plaintiff seeks to join). In short, Plaintiff cannot meet the requirements of Rule 20, and he should not be permitted to amend his Complaint in this fashion.[1]

### III.    CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that Plaintiff's Motion to File Supplemental Complaint (Doc. 12) be denied without prejudice to his right raise his claims in a new action.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by February 16, 2010.

February 2, 2010                                  s/Cathy Bissoon
                                                  Cathy Bissoon
                                                  United States Magistrate Judge

cc:
STEVEN GRAVLEY, JR.
GH7466
S.C.I. at Fayette
50 Overlook Drive
Labelle, PA 15450

---

[1] Of course, this would not prevent Plaintiff from presenting his claims in a separate lawsuit.

3